IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                       **CRIMINAL NO. 1:23-cr-108-TBM-RPM**

**ROBERT LEON DEMING, III**

## ORDER

Now before the court is the United States' Motion to Dismiss [45] the Petition for Property [39] filed by Derek E. Keene. After reviewing the record in this matter and the applicable law, the Court finds that the United States' Motion to Dismiss [45] should be granted because Keene lacks Article III standing and statutory standing. In the alternative, the United States' Motion to Dismiss [45] should be granted because Keene has not met his burden in establishing a superior interest in the funds at the time they were seized. For these reasons, Keene's Petition [39] is dismissed without prejudice.

### I. BACKGROUND AND PROCEDURAL HISTORY

On May 1, 2024, an Agreed Preliminary Order of Forfeiture [32] was filed in this matter, ordering the Defendant Robert Leon Deming, III to forfeit several personal property assets to the United States, including:

| Asset ID | Property Description |
|---|---|
| 23-DEA-700703 | $73,328.24 U.S. Currency, seized by the DEA on January 26, 2023, from The Candy Shop, LLC, in Ocean Springs, Mississippi, pursuant to a federal search and seizure warrant |
| 23-DEA-705724 | All funds ($56,214.24) held in Wells Fargo Bank Account # 2487603306, in the name of Robert Deming Attorneys at Law, LLC. |

As ordered by the Court and required by Rule 32.2(c)(1), the United States mailed out direct notice to all known potential claimants and published notice at www.forfeiture.gov. *See* [35].

As a result of this notice, Keene filed a pro se Petition for Property [39], claiming an interest in $21,000 of the $73,328.24 seized by the Government from The Candy Shop, LLC, in Ocean Springs on January 26, 2023. According to Keene, The Candy Shop owes his marketing company, Avirasphere, LLC, $21,000 in unpaid balances. In support, he attaches invoices from Avirasphere.

The United States has since filed a Motion to Dismiss [45] Keene's Petition. The United States argues that Keene lacks both Article III standing and statutory standing and that his Petition should be dismissed on these grounds. But even if he did have standing, the United States submits that Keene's Petition must nevertheless be dismissed because he held no prior interest in the funds prior to their seizure.

## II. LEGAL STANDARD

When a third party files a petition asserting an interest in the property to be forfeited, the Court must conduct an ancillary proceeding. FED. R. CRIM. P. 32.2(c)(1). The ancillary proceeding is simply a quiet title proceeding in which the court determines whether the property belongs to the defendant or to the third party contesting the forfeiture. FED. R. CRIM. P. 32.2(c); *United States v. McHan*, 345 F.3d 262, 275 (4th Cir. 2003). Before proceeding to a formal hearing, however, the Court may dismiss a petition on motion "for lack standing, for failure to state a claim, or for any other lawful reason." FED. R. CRIM. P. 32.2(c)(1)(A). The same standard applicable to a civil motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) applies to the United States' motion to dismiss a third-party petition in a forfeiture proceeding when the motion is filed prior to discovery or a hearing. FED.

R. CRIM. P. 32.2 advisory committee's note to subdivision (c); *see also United States v. Alvarez*, 710 F.3d 565, 567 (5th Cir. 2013); *see also United States v. Zelaya Rojas*, 364 F. Supp. 3d 626, 630 (E.D. La. 2019) (collecting cases). Thus, the Court assumes all well-pleaded facts are true. And to survive dismissal, a third-party petition must provide enough facts to state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

If the Court determines during the ancillary proceeding that the petitioner has a valid interest in the property, the Court will amend the forfeiture order. 21 U.S.C. § 853(n)(6). Absent such a showing, the United States acquires clear title to the property. 21 U.S.C. § 853(n)(7). "When the ancillary proceeding ends, the court must enter a final order of forfeiture." FED. R. CRIM. P. 32.2(c)(2).

### III. STANDING

To obtain relief from an order of forfeiture, a petitioner must first establish both Article III standing and statutory standing. FED. R. CRIM. P. 32.2(c)(1)(A). Here, Keene fails to do so because he is merely a general creditor and, because Keene seeks the return of funds owed to Avirasphere, LLC, a licensed attorney is required to assert these claims on Avirasphere's behalf. For the reasons discussed below, the United States' Motion to Dismiss Keene's Petition is granted.

1. **Article III standing**

To obtain relief from an order of forfeiture, a petitioner must first establish standing which is satisfied where allegations made by petitioner, if proven, may show its interest are superior to the defendant's. *United States v. Trafigura AG*, No. V-06-64, 2008 WL 4057907, *3 (S.D. Tex. Aug. 26, 2008) (denying the government's motion to dismiss after finding that petitioner alleged defendant

3

did not own the property subject to forfeiture, but that it was stolen from petitioner). Keene claims that the Defendant, through his law firm, owes him $21,000 for marketing services provided by Avirasphere to The Candy Shop. But despite his allegations, Keene "has not demonstrated the existence of the necessary written security agreement to establish [himself] as a secured creditor with a lien on the cash or devices. [He] did not attach a written, signed agreement to [his] petition for an ancillary hearing. [His] petition asserted only an unsecured interest in the cash and devices, so [he] is merely an unsecured creditor." *United States v. Butt*, 930 F.3d 410, 414 (5th Cir. 2019). And "[u]nsecured creditors generally lack standing to contest forfeiture of their debtor's property." *Butt*, 930 F.3d at 414 (citing *United States v. Reckmeyer*, 836 F.2d 200, 205–06 (4th Cir. 1987)).

In fact, the Fifth Circuit has held that "[a]n unsecured creditor cannot establish a legal right to 'any particular piece of property' in the debtor's estate . . . and therefore cannot satisfy § 853(n)'s requirement 'that the interest exist in the property subject to forfeiture.'" *Id.* (quoting *United States v. Corpus*, 491 F.3d 205, 211 (5th Cir. 2007); *Reckmeyer*, 836 F.2d at 205). For these same reasons, the Fifth Circuit has also held that an unsecured creditor cannot demonstrate that they are a "bona fide purchaser for value" of that property." *Id.* Because a claim by an unsecured general creditor is barred by § 983(d)(6) from asserting ownership in a criminal forfeiture proceeding, Keene does not have standing and his Petition must be denied. *United States v. Corpus*, 491 F.3d 205, 211 (5th Cir. 2007) (finding that in a criminal forfeiture action "unsecured creditors [] did not have a legal interest, right, or title in the [] property superior to that of [the defendant]."); *see United States v. Ward*, 2007 WL 2993870, *4 (W.D. La. Oct. 11, 2007) (granting government's motion to dismiss and dismissing petition due to petitioner's status as an unsecured creditor).

### 2. Statutory standing

Criminal forfeiture procedures are codified at 21 U.S.C. § 853. And when a third party files a petition asserting an interest in the property to be forfeited, 21 U.S.C. § 853(n)(3) requires that "[t]he petition shall be signed by the petitioner under penalty of perjury." Here, Keene filed the pro se Petition seeking the return of $21,000 for marketing services provided by Avirasphere to The Candy Shop. In support, Keene attaches Avirasphere invoices. Thus, it is clear from the pleadings that Keene asserts the Petition for Property on behalf of Avirasphere.

While individual parties are permitted to proceed pro se in civil actions under 28 U.S.C. § 1654, the Supreme Court has held that this right "does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *United States v. Rafiq*, 2017 WL 2992540, *3 (N.D. Tex. Jun. 26, 2017) (quoting *Rowland v. Ca. Men's Colony*, 506 U.S. 194, 202 (1993) (internal quotation marks and citation omitted)). "Therefore, a business entity may only appear in federal court proceedings when represented by a licensed attorney." *Rafiq*, 2017 WL 2992540 at *3 (citing *Sw. Exp. Co. v. I.C.C.*, 670 F.2d 53, 56 (5th Cir. 1982) (citation omitted)).

Because Keene seeks the return of funds owed to Avirasphere, LLC, a licensed attorney is required to assert these claims on Avirasphere's behalf. *Rafiq*, 2017 WL 2992540 at *3; *United States v. Titus*, No. 11–159, 2013 WL 6540164, *3 (E.D. La. Dec. 12, 2013) (refusing to construe pro se petition filed by the sole member of an LLC as a petition filed by the LLC itself because an LLC cannot appear in court except through counsel). For these reasons, Keene does not have statutory standing.

## IV. DISCUSSION AND ANALYSIS

Even if Keene had standing to bring his Petition, the United States' Motion to Dismiss [45] should be granted because Keene has not met his burden in establishing a superior interest in the funds at the time they were seized.

"The criminal forfeiture statute bars a third party claiming an interest in forfeitable property from intervening in the criminal trial or appeal, and also prohibits a third party from commencing a separate action against the United States on the basis of that party's interest in the property." *United States v. Holy Land Foundation for Relief and Development*, 722 F.3d 677, 684 (5th Cir. 2013) (citing 21 U.S.C. § 853(k), (n)). "Under the statute, the only way in which a third party may assert an interest in the forfeited property is through an ancillary proceeding." *Holy Land Foundation for Relief and Development*, 722 F.3d at 684 (citing 21 U.S.C. § 853(k), (n); *Libretti v. United States*, 516 U.S. 29, 44, 116 S. Ct. 356, 133 L. Ed. 2d 271 (1995) ("Once the Government has secured a stipulation as to forfeitability, third-party claimants can establish their entitlement to return of the assets only by means of the hearing afforded under 21 U.S.C. § 853(n).").

Keene can prevail in the instant ancillary proceeding in one of two ways: (1) he can establish priority over the interest of the United States by showing that it had an interest in the property superior to the defendant's interest at the time the defendant committed the crime, 21 U.S.C. § 853(n)(6)(A); or (2) he can establish that it was a bona fide purchaser for value of the property, and, at the time of purchase, had no reason to believe that the property was subject to forfeiture. 21 U.S.C. § 853(n)(6)(B).

Here, Keene proceeds under the first prong—that he had an interest in the funds superior to Deming's interest at the time he committed the crime. To succeed under this prong, Keene must "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21 U.S.C. § 853(n)(3). These are not "simply technical requirements, but are construed strictly to discourage false or frivolous claims." *United States v. Ceballos–Lepe*, 977 F.Supp.2d 1085, 1088–89 (D. Utah 2013) (citing *United States v. Ginn*, 799 F.Supp.2d 645, 647 (E.D. La. 2010); *United States v. Burge*, 829 F.Supp.2d 664, 667 (C.D. Ill. 2011)).

Keene argues that he had interest in $21,000 of the $73,328.24 seized by the United States on January 26, 2023. But the invoices attached are for services rendered from September 10, 2023, through April 10, 2024. Because at the time the funds were seized, The Candy Shop had not even secured Avirasphere's marketing services, Keene could not have had interest "superior to any . . . interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property." 21 U.S.C. § 853(n)(6)(A) (emphasis added). Therefore, even if Keene had standing to bring his Petition, his Petition would nevertheless be dismissed as he has no superior interest in the funds.

## V. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the United States' Motion to Dismiss [45] the Petition for Property [39] filed by Derek E. Keene is GRANTED.

IT IS FURTHER ORDERED AND ADJUDGED that Derek E. Keene's Petition for Property [39] is DISMISSED WITHOUT PREJUDICE for lack of standing.

This, the 7th day of January, 2025.

                                                TAYLOR B. MCNEEL
                                                UNITED STATES DISTRICT JUDGE